**[J-72A-H-2018][M.O. - Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFÉ INC. | : No. 57 WAP 2017 <br> : <br> : Appeal from the Order of the Order of <br> : the Commonwealth Court entered <br> : 5/17/17 at No. 79 CD 2016 affirming the <br> : order of the Court of Common Pleas of <br> : Allegheny County entered 12/21/15 at <br> : No. GD 15-16442 <br> : <br> : <br> : <br> : |
| v. | : ARGUED: October 23, 2018 <br> : |
| CITY OF PITTSBURGH | : <br> : |
| v. | : <br> : |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ | : <br> : <br> : |
| APPEAL OF: SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ | : <br> : |

| | |
|---|---|
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFÉ INC. | : No. 58 WAP 2017 <br> : <br> : Appeal from the Order of the Order of <br> : the Commonwealth Court entered <br> : 5/17/17 at No. 101 CD 2016, affirming <br> : the order of the Court of Common Pleas <br> : of Allegheny County entered on <br> : 12/21/15 at No. GD 15-16442 <br> : <br> : <br> : |
| v. | : ARGUED: October 23, 2018 <br> : |

CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ  :
:
:
:
:
:
:
:
:

APPEAL OF:  SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ  :
:


BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH  :  No. 59 WAP  2017
:
:  Appeal from the Order of the Order of
:  the Commonwealth Court entered
v.  :  5/17/17 at No. 100 CD 2016 affirming
:  the order of the Court of Common Pleas
CITY OF PITTSBURGH, COUNCIL OF  :  of Allegheny County entered 12/17/15
THE CITY OF PITTSBURGH, AND  :  at GD 15-13329
WILLIAM PEDUTO, AND SERVICE  :
EMPLOYEES INTERNATIONAL UNION  :
LOCAL 32 BJ  :
:
APPEAL OF:  SERVICE EMPLOYEES  :
INTERNATIONAL UNION LOCAL 32 BJ  :  ARGUED:  October 23, 2018


BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH  :  No. 60 WAP  2017
:
:  Appeal from the Order of the Order of
:  the Commonwealth Court entered
v.  :  5/17/17 at No. 102 CD 2016 affirming
:  the order of the Court of Common Pleas
CITY OF PITTSBURGH, COUNCIL OF  :  of Allegheny County entered 12/17/15
THE CITY OF PITTSBURGH, AND  :  at No. GD 15-13329
WILLIAM PEDUTO, AND SERVICE  :
EMPLOYEES INTERNATIONAL UNION  :
LOCAL 32 BJ  :
:
APPEAL OF:  SERVICE EMPLOYEES  :
INTERNATIONAL UNION LOCAL 32 BJ  :  ARGUED:  October 23, 2018

| | | |
|---|---|---|
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : | No. 61 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Order of |
| | : | the Commonwealth Court entered |
| v. | : | 5/17/17 at No. 100 CD 2016 affirming |
| | : | the order of the Court of Common Pleas |
| CITY OF PITTSBURGH, COUNCIL OF | : | of Allegheny County entered 12/17/15 |
| THE CITY OF PITTSBURGH, AND | : | at No. GD 15-13329 |
| WILLIAM PEDUTO, AND SERVICE | : | |
| EMPLOYEES INTERNATIONAL UNION | : | |
| LOCAL 32 BJ | : | |
| | : | |
| | : | |
| APPEAL OF: CITY OF PITTSBURGH, | : | |
| COUNCIL OF THE CITY OF | : | |
| PITTSBURGH, AND WILLIAM PEDUTO | : | ARGUED: October 23, 2018 |

| | | |
|---|---|---|
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF PITTSBURGH | : | No. 62 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Order of |
| | : | the Commonwealth Court entered |
| v. | : | 5/17/17 at No. 102 CD 2016 affirming |
| | : | the order of the Court of Common Pleas |
| CITY OF PITTSBURGH, COUNCIL OF | : | of Allegheny County entered 12/17/15 |
| THE CITY OF PITTSBURGH, AND | : | at No. GD 15-13329 |
| WILLIAM PEDUTO, AND SERVICE | : | |
| EMPLOYEES INTERNATIONAL UNION | : | |
| LOCAL 32 BJ | : | |
| | : | |
| | : | |
| APPEAL OF: CITY OF PITTSBURGH, | : | |
| COUNCIL OF THE CITY OF | : | |
| PITTSBURGH, AND WILLIAM PEDUTO | : | ARGUED: October 23, 2018 |

| | | |
|---|---|---|
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S | : | No. 63 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Order of |
| | : | the Commonwealth Court entered |
| | : | 5/17/17 at No. 79 CD 2016, affirming |
| | : | the order of the Court of Common Pleas |
| | : | of Allegheny County entered on |

| | |
|---|---|
| ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFÉ INC. | : 12/21/15 at No. GD 15-16442<br>:<br>:<br>:<br>:<br>: |
| v. | : ARGUED: October 23, 2018<br>: |
| CITY OF PITTSBURGH | :<br>: |
| v. | :<br>:<br>: |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ | :<br>:<br>: |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | :<br>:<br>: |
| PENNSYLVANIA RESTAURANT AND LODGING ASSOCIATION, STORMS RESTAURANT AND CATERING, LLC D/B/A STORMS RESTAURANT, LAWRENCEVILLE BREWERY, INC., D/B/A THE CHURCH BREW WORKS, 1215 INCORPORATED, D/B/A RITA'S ITALIAN ICE, DIRT DOCTORS CLEANING SERVICE LLC, AND MODERN CAFÉ INC. | : No. 64 WAP 2017<br>:<br>: Appeal from the Order of the Order of<br>: the Commonwealth Court entered<br>: 5/17/17 at No. 101 CD 2016, affirming<br>: the order of the Court of Common Pleas<br>: of Allegheny County entered on<br>: 12/21/15 at No. GD 15-16442<br>:<br>:<br>:<br>:<br>:<br>: |
| v. | : ARGUED: October 23, 2018<br>: |
| CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO, AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ | :<br>:<br>:<br>:<br>:<br>:<br>: |
| APPEAL OF: CITY OF PITTSBURGH, COUNCIL OF THE CITY OF PITTSBURGH, AND WILLIAM PEDUTO | :<br>:<br>: |

## CONCURRING AND DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  JULY 17, 2019**

I join Parts I, II, III, and IV(c) of the majority opinion and respectfully dissent as to the remainder.  I also join Justice Baer's concurring and dissenting opinion, and write separately to explain further why I do not believe the General Assembly has given express authorization for the Paid Sick Days Act.

As the majority aptly explains, *see* Majority Opinion, *slip op.* 30, the central question involves how specific such authorization must be to satisfy the requirement that it be "express" for purposes of the following restriction:

> **(f) Regulation of Business and Employment.**--A municipality which adopts a home rule charter shall not determine duties, responsibilities or requirements placed upon businesses, occupations and employers, . . . *except as expressly provided by statutes* which are applicable in every part of this Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities.  . . .

53 Pa.C.S. §2962(f) (emphasis added) (the "Business Exclusion").

The majority observes that the concept of express statutory authorization is not entirely precise, *see* Majority Opinion, *slip op.* at 34, and ultimately finds such authority in the Disease Prevention and Control Law (the "DPCL"), which permits qualifying municipalities to enact legislation "relating to disease prevention and control[.]"  35 P.S. §521.16(c).  The majority reasons it would be improper to read "express" in an overly strict manner where home-rule municipalities are concerned, as doing so would "hamstring home-rule municipalities from exercising their home-rule authority in any way that burdens businesses[.]"  Majority Opinion, *slip op.* at 34.  The majority suggests the Paid Sick Days Act is more akin to a health-and-safety ordinance that affects businesses than a statute solely concerned with regulating businesses.  *See id.* at 35.

While I agree that the term "express" lacks complete precision, I respectfully disagree with the majority's conclusion that the DPCL constitutes express authority in the present context. As a general matter, and as the majority recognizes, home-rule municipalities are ordinarily permitted to "legislate concerning municipal governance without express statutory warrant for each new ordinance[.]" *City of Phila. v. Schweiker*, 579 Pa. 591, 605, 858 A.2d 75, 84 (2004). That principle is substantially diminished in the present dispute because the Business Exclusion, by its terms, is directly aimed at limiting the power of home rule municipalities. As such, its specific legislative purpose is, in fact, to "hamstring home-rule municipalities from exercising their home-rule authority" insofar as they seek to impose requirements on employers. *See generally id.* (noting that home rule powers can be limited by, *inter alia*, the General Assembly); PA. CONST. art. IX, §2 (providing same); 53 Pa.C.S. §2961 (same).[1]

As for the DPCL, while that statute, at best, *impliedly* confers authority to Pittsburgh to enact the Paid Sick Days Act, I find it tenuous to couch such authority as "express" – which I take to mean specific, clear, unmistakable, and not left to inference or implication. In this regard, "express authorization" as understood in other contexts, while not controlling, is nonetheless relevant. *See, e.g.*, *Key Tronic Corp. v. United States*, 511 U.S. 809, 114 S. Ct. 1960 (1994) (closely confining the concept of express statutory authorization for fee shifting within a certain category of environmental litigation to circumstances where the enactment's text is "explicit" on the topic); *Commonwealth v. Beam*, 567 Pa. 492, 495-96, 788 A.2d 357, 359-60 (2002) (in

---

[1] Non-home-rule municipalities are limited by the separate principle that they are "creatures of the state" with no inherent powers, and can only legislate as expressly enabled by the General Assembly. *Schweiker*, 579 Pa. at 605, 858 A.2d at 84.

evaluating the authority given to administrative agencies, equating "express legislative delegation" with "legislative language that is clear and unmistakable").[2]

Further, given that the Business Exclusion prevents home-rule cities from "determin[ing] duties, responsibilities or requirements placed upon businesses, occupations and employers," its reference to express statutory authority should, in my view, be understood as contemplating authorization which specifically enables some form of business regulation as such. More to the point, I would not conclude that a generalized mandate to promote health and suppress disease reflects a legislative purpose to grant "express" statutory authority to regulate businesses in the manner of the Paid Sick Days Act.

---

[2] The majority disagrees that *Beam* supports my present view, observing that the Court's holding arose in the context of administrative agency powers, where the presumption to be applied in cases of uncertainty is against delegation. I might be aligned with the majority's view in this respect if, when crafting the Business Exception, the Legislature had not chosen to include the modifier, "expressly."

As well, *Beam*'s ultimate recognition of agencies' "textually unspecified powers," Majority Opinion, *slip op.* at 30 n.19, proceeded from the premise that statutory grants consist, "not only of that which is expressly granted, but also of authority which is necessarily implied." *Beam*, 567 Pa. at 493, 788 A.2d at 358; *see also id.* at 496, 788 A.2d at 360 ("[T]he rule requiring express legislative delegation is tempered by the recognition that an administrative agency is invested with the implied authority necessary to the effectuation of its express mandates."). The Business Exclusion, by contrast, eliminates this possibility by clarifying that *any* exception to it must be "expressly provided."

Finally, to the extent the majority criticizes the concept that "express" authority does not include authority which is left to inference or implication, *see* Majority Opinion, *slip op.* at 30 n.19 (describing this as a "new requirement [I would] add onto *Beam*'s formulation"), it seems to me that such limitation follows from the plain English meaning of "expressly." *See, e.g.*, WEBSTER'S NEW COLLEGE DICTIONARY 404 (3d ed. 2008) (indicating "expressly" means "explicitly").

Nor am I persuaded by the majority's description that the Paid Sick Days Act is "more like a 'health or safety ordinance' that affects business than a statute with its principal focus upon regulating business for its own sake[.]" Majority Opinion, *slip op.* at 35 (brackets omitted). To the contrary, the ordinance mandates that certain benefits be included in the compensation package which businesses afford to their employees, with the underlying premise that such benefit will *indirectly* curtail the spread of disease *through its incentive structure.* As such, it is, in the first instance, an ordinance which regulates the compensation given to employees by business entities. *Accord* Brief for Appellees at 21 (describing the Paid Sick Days Act as a "labor and employment ordinance"). The concept that its expected indirect effects can transform the DPCL into express authority to regulate businesses in the face of the very specific and directed language used in the Business Exclusion is, to my mind at least, highly attenuated.

I do agree with the majority that the Business Exclusion is designed to prevent a patchwork of inconsistent business regulations, many of which may apply to a single business with locations in several municipalities. *See* Majority Opinion, *slip op.* at 34 (referencing the Legislature's "concern for the imposition of inconsistent requirements from one municipality to the next"). The exclusion evidently reflects the General Assembly's determination that – again, unless expressly stated otherwise – such regulations are a matter of statewide concern to be governed by the Commonwealth's legislative body. That being the case, I would clarify that, to qualify as an exception to the Business Exclusion, the challenged ordinance must be supported by more than a generalized mandate to suppress disease (as reflected in the DPCL), as salutary a goal as that may be. Because the Paid Sick Days Act fails to satisfy that standard, I respectfully dissent from the majority's conclusion that it falls within the narrow exception to the Business Exclusion.

Justices Baer and Mundy join this concurring and dissenting opinion.